BAKERY, CONFECTIONERY AND TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 37, AFL–CIO, CLC, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

National Labor Relations Board, Petitioner,

Bakery, Confectionery and Tobacco Workers and Grain Millers International Union, Local 37, AFL–CIO, CLC, Intervenor,

v.

Sara Lee Bakery Group, Inc., d/b/a Internation Baking Company, Respondent.

Nos. 04–73576, 04–73920.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Filed June 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

David A. Rosenfeld, Esq., Weinberg Roger & Rosenfeld, A Professional Corporation, Oakland, CA, for Petitioner.

Victoria E. Aguayo, Los Angeles, CA, Aileen A. Armstrong, Esq., David A. Seid, Attorney, Jill A. Griffin, Esq., Daniel A. Blitz, Esq., NLRB—National Labor Relations Board, Contempt Litigation & Compliance Branch, Washington, DC, for Respondent, National Labor Relations Board.

Emily P. Rich, Weinberg Roger & Rosenfeld, Alameda, CA, for Intervenor.

Kimberly Seten, Timothy A. Davis, Kansas City, MO, for Respondent, Sara Lee Bakery Group, Inc., d/b/a Internation Baking Company.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,** District Judge.

** The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM ***

Sara Lee Bakery Group, Inc. appeals the Board's findings that Sara Lee violated § 8(a)(1) and (3) of the National Labor Relations Act by: 1) granting employees at its Vernon, California facility an extra vacation day and gainsharing benefits immediately preceding an election to recognize the Bakery Confectionary, and Tobacco Worker and Grain Millers International Union, Local 73 and; 2) terminating employee Macario Robledo on the basis of his support for unionization. The Union appeals the Board's finding that Sara Lee *did not* improperly delay the announcement of additional planned benefits in an effort to influence the election.

We have jurisdiction over this case under Section 10(e) and (f) of the National Labor Relations Act. 29 U.S.C. § 160(e) and (f) (2006). We must uphold the Board's decision if its findings of facts are supported by substantial evidence in the record and it has correctly applied the law. *See NLRB v. Howard Electric Co.,* 873 F.2d 1287, 1290 (9th Cir.1989).

## Announcement of Benefits Prior to Representation Election

Granting benefits to employees in an effort to influence a representation election is an unfair labor practice: "The danger inherent in well-timed increases in benefits is the suggestion of the fist in the velvet glove. Employees are not likely to miss the inference that the source of benefits now conferred is also the source from which future benefits must flow and which may dry up if it is not obliged." *NLRB v. Exchange Parts Company,* 375 U.S. 405, 409, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964); *see also NLRB v. Stephen Dunn & Assocs.,* 241 F.3d 652, 666 (9th Cir.2001) ("a wage increase (or grant of a benefit) de-

signed to impact the outcome of a representation election is a 'hallmark' violation of the NLRA and is as 'highly coercive' in its effect as discharges or threats of business failure."). Employers may justify the conferral of benefits prior to a representation election if they can overcome the presumption that the benefits were related to the pending election. *NLRB v. Anchorage Times Publ'g Co.,* 637 F.2d 1359, 1366–68 (9th Cir.1981).

### a. Announcement of Pre–Planned Benefits

■ The Union contends that the Board erred in finding that Sara Lee did not seek to improperly influence the representation election by delaying the announcement of benefits including life and disability insurance benefits, a uniform program, and a new employee assistance program. Substantial evidence supports the Board's findings that the company did not violate section 8(a)(1) of the Act in announcing these benefits prior to the representation election. Internal emails from mid-February 2001 indicate that Sara Lee's management had considered and approved the life and medical insurance benefits, new employee assistance program, and uniform program before the Union commenced its organizing drive at the Vernon, California facility.

The Union claims that even if these benefits had previously been planned by management, the timing of Sara Lee's announcement of these new benefits violated the Act. *See Anchorage Times,* 637 F.2d at 1368 ("Wage increases and associated benefits may be well warranted for business reasons; still the Board is under no duty to permit them to be husbanded until right before an election and sprung on the employees in a manner calculated to influence the employees' choice."). Contrary to

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Union's assertions, there is no compelling evidence that Sara Lee delayed the announcement of these benefits in order to influence the election. Substantial evidence supports the Board's conclusion that the announcement of these proposed benefits did not violate section 8(a)(1) of the Act.

### b. Announcement of New Benefits

■ On May 29, 2002, Sara Lee not only granted its employees the benefits that it had intended on implementing since mid-February, but also announced previously undiscussed benefits including an additional paid holiday and a gainsharing benefit which promised to increase employee salaries by as much as eight percent. Unlike the benefits prepared by management prior to the unionization drive at the Vernon, California facility, these benefits indicate a strategic change in the "status quo" of the business, adopted for the purpose of rallying support for the company and hindering the unionization effort. *See Anchorage Times*, 637 F.2d at 1367. The Board properly held that Sara Lee failed to overcome the presumption that it granted these benefits with the intention of interfering with the unionization effort at its Vernon, California facility. *See Free–Flow Packaging Corp. v. NLRB*, 566 F.2d 1124, 1129 (9th Cir.1978) ("In the absence of evidence demonstrating that the timing of the announcement of changes in benefits was governed by factors other than the pendency of the election, the Board will regard interference with employee freedom of choice as the motivating factor."). Substantial evidence supports the Board's conclusion that Sara Lee violated section 8(a)(1) of the Act by announcing these new benefits.

### The Discharge of Employee Macario Robledo

Sections 8(a)(1) and (3) of the National Labor Relations Act prohibit the discharge of employees because of their union activities. 29 U.S.C. § 158(a)(1), (3) (2005). The Union bears the initial burden of proving that anti-union animus contributed to the employer's decision to terminate an employee. *NLRB v. Transp. Mgmt. Corp.*, 462 U.S. 393, 394–95, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983) (citing *NLRB v. Wright Line*, 251 N.L.R.B. 1083, 1980 WL 12312 (1980)). Once this burden has been met, the company may avoid a finding that it has violated the Act by demonstrating, by a preponderance of the evidence, that the worker would have been fired regardless of his or her union activities. *Id.* at 395, 103 S.Ct. 2469; *NLRB v. Nevis Indus., Inc.*, 647 F.2d 905, 909 (9th Cir.1981).

■ Substantial evidence supports the Board's conclusion that Sara Lee's anti-union animus contributed to the termination of Macario Robledo. Robledo, a fourteen year employee of Sara Lee, lost his position in October 2002, only a few months after the unionization drive at the Vernon bakery failed. A vocal proponent of the Union, he handed out hundreds of pro-union leaflets in the company parking lot, spoke to many of his co-workers about unionization, and served as the Union's observer on election day.

Sara Lee's vigorous and illegal opposition to the unionization drive at its Vernon bakery indicates its anti-union bias. The company's stated reasons for laying-off Robledo were pretextual. The Board properly found that the company violated sections 8(a)(1) and (3) of the Act when it discharged Robledo.

**AFFIRMED.**